UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**MEMO ENDORSED**

-----------------------------------------------------X

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DAVID GREENBERG,

    Defendant.

Case No. 13-CR-718-KMK

**MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)**

-----------------------------------------------------X

David Greenberg ("Greenberg"), by and through the undersigned counsel, respectfully submits this Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). In support thereof, Greenberg offers the following:

## I. INTRODUCTION

On September 21, 2018, Greenberg pled guilty to one count of conspiracy to distribute more than 5 kilograms of cocaine; more than 1 kilogram of heroin; quantities of marijuana; quantities of MDMA; quantities of oxycodone and quantities of PCP, in violation of 21 U.S.C. § 846. On November 29, 2018, Greenberg was sentenced to 180 months imprisonment. Greenberg's current anticipated release date is June 7, 2026.

In recent months, the COVID-19 pandemic has spread throughout the United States prison system, putting vulnerable inmates at a high risk for serious illness or death in its wake. Greenberg is one such person as he has several health conditions that put him at a high risk for serious illness due to COVID-19. While a term of 180

is currently taking courses through Global University.[5] He also has a demonstrable release plan wherein he will live with his mother, Pilar Leo, in her residence in New Windsor, New York.

Lastly, Greenberg submits that he is not a danger to the safety of others. U.S.S.G. § 1B1.13(2). As outlined above, Greenberg has a verifiable release plan that incorporates the love and support of his family and friends who will help him successfully transition out of incarceration.[6]

Taking into account Greenberg's significant post-sentencing rehabilitation efforts and the substantial risks of continued incarceration, Greenberg respectfully submits that a reduction under § 3582(c)(1)(A) to a sentence of time served is "sufficient, but not greater than necessary" to comply with the sentencing purposes set forth in § 3553(a).

## IV. CONCLUSION

Based on the foregoing, Greenberg respectfully prays that the Court grant his motion under 18 U.S.C. § 3582(c)(1)(A) and reduce his term of imprisonment to time served.

> Motion for Compassionate Release under 18 U.S.C. Section 3582 is denied. Regarding Mr. Greenberg's health issues, there are two of primary concerns, his TB and his obesity. The available evidence, however, is that Mr. Greenberg does not have active TB and may have, at worst, latent TB. Yet, Mr. Greenberg presents no evidence that this condition exposes him to greater risks from COVID-19 and, in fact, there is literature that suggests the contrary. (See Med Hypotheses. 2020 Nov; 144: 110214, https://www.ncbi.nlm.nih.gov/pmc/articles/PMC7448767/ ("Thus, both LTBI [latent TB] and BCG induce lifelong immunity and may provide immunological protection against COVID-19. In this study, the relationship between LTBI and reduced COVID-19 mortality was analyzed using the instrumental variable method. The results showed with robust statistical support that LTBI was also associated with reduced COVID-19 mortality.")). In any event, even assuming that Mr. Greenberg's TB and his obesity increase his risks from the coronavirus, the Court notes that FCI Morgantown has only 2 positives among inmates and 0 among staff, thus demonstrating that BOP has undertaken substantial efforts to address the pandemic. Moreover, the Section 3553(a) factors strongly weigh against early release. Mr. Greenberg has a troublingly long criminal history and reneged on his promise to not to violate the law while he was on bail before his sentence. Thus, releasing Mr. Greenberg at this point would undermine the goals of the sentencing laws as they applied to Mr. Greenberg. For these reasons, the application is denied.

9/23/20

---

[5]  See Exhibit B.

[6]  See Exhibit C.